527 A.2d 1123

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Paul P. Mulholland, Appellee.

Submitted on briefs February 27, 1987, to Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Thomas A. Dreyer,* for appellee.

OPINION BY JUDGE PALLADINO, July 2, 1987:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) appeals a decision of the

Court of Common Pleas of Delaware County (trial court) which sustained the appeal of Paul P. Mulholland (Appellee) from DOT's suspension of his driver's license. We affirm.

On June 2, 1985, a police officer investigated a reported minor automobile accident. One of the driver's involved, Mr. Hahn, reported to the officer that the other driver had stopped, exited from his automobile on the driver's side, yelled something, gotten back in on the passenger side, and driven off. Approximately fifteen minutes later, Hahn went to the police station and told the officer that he had seen the other driver's automobile parked in front of a local tavern. The officer and Hahn went to the tavern, and Hahn identified Appellee as the driver. This identification took place approximately 25 minutes after the accident. The officer stated that Appellee "appeared slightly confused. He was thick tongued. He had a very exaggerated gait [and a] very strong smell of alcohol on his breath."[1] The officer arrested Appellee for driving under the influence of alcohol and took him to the police station for a breathalyzer test. Despite being warned that failure to take the test would result in a license suspension, Appellee refused to submit to testing. Thereafter, DOT suspended Appellee's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

The sole issue on review[2] is whether the officer had reasonable grounds to believe that Appellee had been driving the vehicle under the influence of alcohol.

---

[1] Notes of testimony at 9.

[2] Our scope of review for license suspension appeals is limited to whether there has been a violation of constitutional right or error of law, or whether findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Traffic Safety v. Webster*, 104 Pa. Commonwealth Ct. 214, 521 A.2d 519 (1987).

Reasonable grounds has been defined as: "[W]hether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor." *Department of Transportation, Bureau of Traffic Safety v. Driesbach,* 26 Pa. Commonwealth Ct. 201, 205, 363 A.2d 870, 872 (1976). Such determinations must necessarily be made on a case-by-case basis.

While we recognized that "reasonable grounds" is a less burdensome standard than that of probable cause needed for arrest, we nevertheless must conclude that, under the circumstances of this case, the arresting officer did not possess reasonable grounds to conclude that Appellee was operating the automobile under the influence of alcohol.

The officer never saw Appellee driving the automobile, nor did he observe Appellee's demeanor at the time of the accident. All that the officer observed was that Appellee was drinking in a tavern twenty-five minutes after the alleged accident and that Appellee demonstrated symptoms of intoxication. This 25 minute delay seems to us to be too long for the officer to reasonably conclude that Appellee had in fact been driving his automobile under the influence of alcohol. As the trial court stated: "He could have gone in and had a couple of shots, even if he were in the accident. He could have gone in and had a couple of shots to calm himself down, I don't know, but the point is we're left to speculate about it."[3]

While we are mindful of the importance of keeping intoxicated drivers off of our highways, speculation as to the condition of Appellee when he was driving is insuffi-

---

[3] Notes of testimony at 24.

cient to constitute reasonable grounds for the officer's conclusion that he had been driving under the influence of alcohol.

Accordingly, the order of the trial court is affirmed.

ORDER

AND NOW, July 2, 1987, the decision of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.