539 A.2d 1389

Gerard J. Fierst, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

264

Submitted on briefs October 5, 1987, to Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Guido A. DeAngelis,* for appellant.

*Harold, H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, December 8, 1987:

Gerard J. Fierst, Jr. (appellant), appeals from a de novo trial and order of the Court of Common Pleas of Allegheny County which sustained the suspension of his operating privileges for refusing to submit to a breathalyzer test. We affirm.

On June 15, 1985, appellant was operating his automobile when he struck another automobile. The police officer who was called to the scene of the collision found appellant in the driver's seat holding a bottle of beer. Appellant admitted coming from a bar and while appellant was being questioned, the officer noticed that he had trouble walking. The officer told appellant that he was under arrest for driving while under the influence of alcohol. Appellant was asked to submit to a breathalyzer test and was warned of the consequences of a refusal, but he refused to take the test, insisting that he was not intoxicated.

At the trial de novo, appellant's offer of a nol pros of the criminal charge was not allowed into evidence.

Section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a), provides:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle.

Appellant contends that there was no reasonable grounds for believing him to be driving under the influence of alcohol and that there is insufficient evidence to

establish a refusal to take the breathalyzer test. He admits that he was driving the vehicle.

The actual guilt or innocence of the defendant in the criminal offense is not the issue, but rather it is based on an honest and reasonable belief of guilt. *Department of Transportation v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

Since proof of the favorable termination of the criminal proceedings does not, of itself, constitute evidence that the proceedings were instituted without reasonable grounds, *Johnson v. Land Title Bank & Trust Co.,* 329 Pa. 241, 198 A. 23 (1938), certainly a nol pros would not constitute such proof. A nolle prosequi (nol pros) is a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further. Thus, it was not error to exclude such evidence.

The circumstances of appellant driving from a bar with a bottle of beer in his hand, along with his gait while walking and the odor of alcohol on his breath, are sufficient to warrant a reasonable belief that appellant was driving while intoxicated. It is no defense to a request to take the test that appellant believed himself not guilty of driving while intoxicated. That is not the issue. *Corry v. Commonwealth,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981).

Accordingly, we affirm.

### ORDER

Now, December 8, 1987, the order of the Court of Common Pleas of Allegheny County, in No. SA 1305 of 1985, dated January 29, 1986, is affirmed.

———

OPINION BY SENIOR JUDGE KALISH, April 7, 1988:

Gerard J. Fierst, Jr. (appellant), appeals from a de novo trial and order of the Court of Common Pleas of

Allegheny County, which sustained the suspension of his operating privileges for refusing to submit to a breathalyzer test pursuant to section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547. We granted reconsideration of our prior decision, vacated our prior order, and now reverse the trial court's decision.

On June 15, 1985, appellant was operating his car when he was involved in an automobile accident in which he struck another vehicle.

The trial court found that the police officer "had reasonable grounds and probable cause . . . to arrest defendant for operating a vehicle . . . while under the influence of alcohol."

Our scope of review is limited to determining whether the trial court's findings were supported by competent evidence, whether an error of law was committed, and whether the trial court's opinion constituted an abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Ferrara,* 89 Pa. Commonwealth Ct. 549, 493 A.2d 154 (1985).

The trial court stated in its opinion that at the time of the accident, the appellant was "in the car and was holding a bottle of beer." However, the record shows that when the police officer arrived at the scene, the appellant driver had left, and the only information that the police officer had received from witnesses was that appellant had been driving and the license number of the car. It was not until about one hour later that the police officer arrived at appellant's house *and saw him at his house with a bottle of beer in his hand.* The police officer noticed that appellant staggered and had the odor of alcohol. It was then that he was put under arrest for driving while intoxicated.

The propriety of suspension depends on whether the police officer had reasonable grounds to believe that the licensee was operating a motor vehicle while under the

268

influence of alcohol. Section 1547 of the Code, 75 Pa. C. S. §1547. This means that viewing the facts and circumstances as they appeared at that time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle while under the influence of alcohol. *Department of Transportation v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

We conclude that under these facts and circumstances a reasonable police officer could not conclude that there were reasonable grounds for believing that while driving, appellant was under the influence of alcohol. Accordingly, we reverse the order of the trial court.

ORDER

Now, April 7, 1988, the order of the Court of Common Pleas of Allegheny County, in No. SA 1305 of 1985, dated January 29, 1986, suspending appellant's driver's license, is reversed.