561 A.2d 359

**Michael T. KEANE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided June 29, 1989.

Leonard Spear, Spear, Wilderman, Sigmond, Borish, Endy & Silverstein, Philadelphia, and Richard C. McNeill, Jr., for appellant.

Harold H. Cramer, Asst. Chief Counsel, Harrisburg, and Christopher J. Clements, Asst. Counsel, John L. Heaton, Chief Counsel, for appellee.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Michael T. Keane (Keane) appeals an order of the Montgomery County Court of Common Pleas, denying his appeal from a one year suspension of his driver's license imposed by the Department of Transportation (DOT) for violating Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, by refusing to submit to a breathalyzer test.

On January 19, 1988, at 12:53 AM, Officer Stein of the Abington Township Police Force received a radio call of a domestic assault in progress at Keane's House. The officer's information through his police radio was that Keane's son had called and stated that his father was beating up his mother. Upon arriving, Officer Stein encountered "a good deal of turmoil," with Keane, his wife, and his son in the living room communicating in "loud voices." (Hearing Transcript at p. 15; R.R. at 29a). Keane had a pronounced bouquet of alcohol on his breath, bloodshot eyes, slurred speech, and an unsteady gait. Mrs. Keane told the officer that her husband had come home and struck a neighbor's car with his car while attempting to pull into the driveway. When she asked her husband to go across the street to inform the neighbor of the accident, he slapped her and grabbed her by the neck. Officer Stein testified that he asked Keane about the incident and Keane admitted he "was driving and if he hit the car across the street, he would pay for it." (Hearing Transcript at pp. 8, 10, 14, 15; R.R. at 22a, 24a, 28a, 29a).

Officer Stein then went outside to examine Keane's car and found fresh damage which, in his opinion, coincided with fresh damage on the neighbor's car. Further inspection revealed that Keane's car was still warm and that Keane had the ignition keys in his pocket. Officer Stein also testified that he saw snow and ice on the roads that night.

Officer Stein then arrested Keane and transported him to the police station for a breathalyzer test. After being informed that his license would be suspended if he did not take the test, Keane refused. DOT suspended Keane's license and the trial court upheld the one year suspension.

 The issue in this case is whether Officer Stein had reasonable grounds to believe that Keane was driving while under the influence of alcohol. In order to justify the suspension of operating privileges for refusal to submit to a breathalyzer test, an arresting officer must have "reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle: (1) while under the influence of alcohol. . . ." 75 Pa.C.S. § 1547(a). *Accord, Department of Transportation, Bureau of Traffic Safety v. Shultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). The test for reasonable grounds is not very demanding. If a reasonable person in the position of the arresting officer, viewing the facts and circumstances as they appeared to the arresting officer, could have concluded that the motorist had operated the vehicle while under the influence, such reasonable grounds are established. *Department of Transportation, Bureau of Driver Licensing v. Terreri,* 114 Pa. Commonwealth Ct. 208, 538 A.2d 639 (1988); *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981); *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

Keane contends that the time gap between the accident and the officer's observation of his intoxication makes it possible that his inebriated appearance was induced after he had been driving, and not before. Because there exists this other plausible conclusion, Keane contends, Officer Stein was unreasonable in forming the belief that Keane was driving his car and that he was doing so while under the influence of alcohol.[1]

1. Appellant cites *Department of Transportation v. Mulholland,* 107 Pa. Commonwealth Ct. 213, 527 A.2d 1123 (1987) to support the proposition that reasonable grounds are negated in this case by the mere

■■■ We are convinced that, in light of the facts and circumstances in this case as they appeared to Officer Stein, there is substantial evidence in the record to support the trial court's determination that Officer Stein had reasonable grounds to believe that Keane was driving while under the influence. It is not necessary that the arresting officer actually observe the arrestee operating a motor vehicle. *See, e.g., Menosky v. Commonwealth,* 121 Pa. Commonwealth Ct. 464, 550 A.2d 1372 (1988); *Kubit v. Commonwealth,* 118 Pa. Commonwealth Ct. 232, 544 A.2d 569 (1988). And an arresting officer's reasonable grounds will not be rendered void even if later discovery might disclose that his belief was in fact erroneous. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). Thus, the existence of reasonable alternate conclusions does not necessarily preclude the arresting officer's actual belief from being reasonable. We reiterate, it is necessary only that the arresting officer's belief be objectively reasonable in light of the surrounding circumstances. *Terreri, White, Bruno, supra.*

Based on the facts known to Officer Stein at the time of Keane's arrest, there was nothing to suggest that Keane had been drinking after the accident. Officer Stein's testimony at trial regarding Mrs. Keane's statements at the scene import a close succession of events leading up to the officer's arrival at the Keane home:

When Mr. Keane came into the house, Mrs. Keane stated that she raised the question of the automobile accident directly across the street, and that's when Mr. Keane slapped her and grabbed her by the neck....

\* \* \* \* \* \*

possibility that Keane may have been drinking after the accident. In *Mulholland,* we held that an officer lacked reasonable grounds when he did not see the driver driving or at the accident scene, but saw him only for the first time twenty five minutes later drinking at a tavern. *Mulholland* involved a driver who was actually observed imbibing at a place temporally and spatially removed from where he was seen driving, and is thus distinguishable from this case. In light of the facts known to Officer Stein, Keane had little or no opportunity to fix himself a drink after he arrived home and was confronted by his wife.

Mrs. Keane stated that Mr. Keane had come in after striking the neighbor's car with his car, and that's when the argument ensued that resulted in the domestic dispute that resulted in our being called to the house. . . .

(Hearing Transcript at pp. 7, 9; R.R at 21a, 23a). Based on the facts known to Officer Stein at the time, the accident immediately preceded the assault on Mrs. Keane, which resulted straightaway in the police being called. We hold, therefore, that there is substantial evidence to support the trial court's conclusion that Officer Stein had reasonable grounds to believe that Keane was driving while under the influence of alcohol.

Accordingly, we affirm the decision of the Montgomery County Court of Common Pleas.

## ORDER

NOW, June 29, 1989, the order of the Court of Common Pleas of Montgomery County at No. 88–03735, dated April 26, 1988, is hereby affirmed.