**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING**

v.

**Thomas M. HALL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1995.

Decided Oct. 13, 1995.

---

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Thomas M. Hall (Hall) appeals an order of the Court of Common Pleas of Allegheny County that dismissed Hall's appeal from the suspension of his operating privilege by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1547 of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1547.[1] We affirm.

Crafton Borough Police Officer Jeffrey Heidenreich testified at the *de novo* hearing before the trial court. He stated that after receiving a report of a disorderly group congregating at an office complex on Recktor Avenue he proceeded to the location to investigate. Upon arrival Officer Heidenreich observed a pickup truck, later determined to be registered in Hall's name, with two flat tires. Hall admitted to the officer that he had been driving the pickup truck and had caused the damage to the grassy area in front of the office complex. The officer also testified that Hall stated "let's get the hell out of here, you know I was driving." (Reproduced Record, p. 4.) Officer Heidenreich further stated that Hall's eyes were glassy, his face was flushed and that he had a strong odor of alcohol about his person. The officer also indicated that he was aware that another officer had observed Hall driving at the Crafton–Ingram Shopping Center approximately one to two hours prior to the incident on Recktor Avenue.

Officer Heidenreich arrested Hall, charging him with driving under the influence of alcohol.[2] Hall was transported to the police station where he was asked to submit to a blood test after being informed of the implied consent law. Hall refused. Hall was then transported to the hospital, was again informed of the implied consent law and asked to submit to a blood test. He again refused.

Larry P. Gaitens, for appellant.

Timothy P. Wile, Assistant Counsel In–Charge Appellate Section, for appellee.

---

1. Section 1547 of the Code provides for the suspension of a driver's license for a period of one year upon refusal to submit to chemical testing to determine blood-alcohol content.

2. Hall was also charged with two counts of aggravated assault, resisting arrest, criminal mis-

chief and public drunkenness. Hall pleaded guilty to the charges of public drunkenness and disorderly conduct; the other charges were dismissed, including the charge of driving under the influence.

By official notice the Department suspended Hall's operating privileges for one year for refusing to consent to a blood test. Hall appealed. The trial court sustained the suspension, concluding that Hall presented no evidence to counter Officer Heidenreich's testimony regarding Hall's admission at the scene that he had been driving the pickup truck. Hall now appeals to this Court.[3]

The issue raised by Hall is whether the trial court erred in finding that the police officer had reasonable grounds to conclude that Hall had operated his pickup truck while under the influence of alcohol.

The test for determining whether an officer had reasonable grounds to believe that a motorist operated a motor vehicle while under the influence of alcohol is simply that "[i]f a reasonable person in the position of the arresting officer, viewing the facts and circumstances as they appeared to the arresting officer, could have concluded that the motorist operated the vehicle while under the influence of alcohol, reasonable grounds are established." *Department of Transportation, Bureau of Driver Licensing v. Park*, 143 Pa.Commonwealth Ct. 7, 11, 598 A.2d 578, 580 (1991).

Citing *Fierst v. Commonwealth*, 115 Pa.Commonwealth Ct. 263, 539 A.2d 1389 (1988), and *Department of Transportation, Bureau of Driver Licensing v. Mulholland*, 107 Pa.Commonwealth Ct. 213, 527 A.2d 1123 (1987), Hall argues that even if he was observed driving one or two hours prior to the incident at the office complex, there is insufficient evidence for an officer to conclude that he was operating a vehicle while under the influence of alcohol. Hall's statement of the law as set forth in *Fierst* and *Mulholland* is correct; a police officer may not have reasonable grounds to request a chemical test to determine blood-alcohol content when a period of time elapses between the time a motorist is observed driving a vehicle and a subsequent point in time wherein a police officer sees an individual consuming alcohol but is not in control of his vehicle. However,

the facts here are distinguishable. Hall presented no evidence that he consumed alcohol after being observed driving and before he encountered Officer Heidenreich. Hall cannot choose to argue only the facts surrounding the circumstances in this case that support his contention and disregard other facts presented.

In both *Fierst* and *Mulholland*, the respective police officers were found not to have had reasonable grounds because there was no evidence that each motorist was under the influence at the time of the accidents although the police officers saw the motorists consuming alcohol after the accidents. The circumstances here much more closely mirror the fact patterns in *McCallum v. Commonwealth*, 140 Pa.Commonwealth Ct. 317, 592 A.2d 820 (1991), and *Keane v. Department of Transportation*, 127 Pa.Commonwealth Ct. 220, 561 A.2d 359 (1989).

Although in *McCallum* and *Keane* the police officers did not see the motorists drinking, nor did Officer Heidenreich here, the police officers had other evidence that the motorists were driving under the influence at the time of the accident, either by way of an admission by the motorist or through information from witnesses to the accidents. In *McCallum* the other two individuals involved in the accident provided information to the officer that McCallum admitted to them that he had been drinking and the police officer who confronted McCallum thirty to forty minutes later observed McCallum's inebriated state.

In *Keane* the police officer was told by Keane's wife that Keane had been involved in an accident. Keane admitted that he had been drinking and the officer observed Keane's alcoholic condition. The officer also examined Keane's vehicle, *noticing the damage and the fact that the engine was still warm*.

We conclude that *McCallum* and *Keane* control the decision here. Even without placing any weight on the evidence of

---

3. In reviewing a driver's license suspension case, our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether its findings of fact are supported by competent evidence. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992).

Hall's driving an hour or two prior to his arrest, sufficient evidence was presented to the trial court by the Department to show that Officer Heidenreich had reasonable grounds to believe that Hall had been driving under the influence. The officer testified to Hall's admission that he had been driving and had caused the damage to the grassy area in front of the office complex. The officer also indicated that Hall's eyes were glassy and that Hall exuded a strong odor of alcohol.

Based upon the evidence presented, we conclude that the trial court correctly determined that the arresting officer acted reasonably. Consequently, the Department's suspension of Hall's operating privilege was proper in light of Hall's refusal to take a blood test.

Accordingly, we affirm the trial court's decision that upheld the Department's suspension of Hall's operating privilege.

### ORDER

NOW, October 13, 1995, the order of the Court of Common Pleas of Allegheny County, dated March 15, 1995, at S.A. 3455 of 1994, is affirmed.