**Jerome DEMARCHIS, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 19, 2010.

Decided June 29, 2010.

Nicholas M. Mancini, Newtown, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BROBSON.

██ Jerome Demarchis (Licensee) appeals an order of the Court of Common Pleas of Bucks County (trial court). The trial court denied Licensee's appeal of an order of the Department of Transportation, Bureau of Driver Licensing (DOT), which suspended Licensee's operating privileges based upon his refusal to submit to chemical testing at the request of a police officer. We reverse.[1]

By letter dated May 15, 2009, DOT sent a notice of suspension to Licensee, indicating that, based upon his refusal to submit to chemical testing, his license would be suspended for eighteen months under section 1547(b)(1)(ii) of the Motor Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(ii). Licen-

---

1. This Court's standard of review of a trial court order upholding a license suspension for refusal to submit to chemical testing is limited to considering whether the trial court's findings are supported by competent evidence and whether the court erred as a matter of law or abused its discretion. *Banner v. Dep't of Transp., Bureau of Driver Licensing,* 558 Pa. 439, 737 A.2d 1203 (1999).

see appealed to the trial court, which entered an order on June 8, 2009, setting a date for hearing and noting that the appeal acted as a supersedeas of the suspension pending the trial court's resolution of the appeal. The trial court held a hearing on September 2, 2009.

At the hearing, DOT had the burden of proving the following elements in support of its decision to suspend Licensee's driving privileges: (1) a police officer arrested a licensee based upon *reasonable grounds* to believe that the licensee was driving under the influence of alcohol; (2) the officer asked the licensee to submit to chemical testing; (3) the licensee refused to submit to such testing; and (4) the officer provided a warning to the licensee that his failure to submit to testing would result in the suspension of his license. *Banner v. Dep't of Transp., Bureau of Driver Licensing,* 558 Pa. 439, 737 A.2d 1203 (1999) (emphasis added). DOT called one witness at the hearing—the investigating and arresting police officer, Officer Gary Forrester (Officer Forrester) of the Solebury Township Police Department. Licensee did not call any witnesses and did not testify. The sole question before the Court is whether DOT proved that Officer Forrester had reasonable grounds to believe that Licensee had operated his vehicle while under the influence of alcohol.

The facts, as drawn from the trial court's opinion and the record, are as follows. On the evening of April 3, 2009, Officer Forrester responded to a report of a black SUV or Hummer with sparks flying from the front of the vehicle. The dispatcher also advised Officer Forrester "that it was a possible DUI driver." (Reproduced Record (R.R.) 41 a.) Officer Forrester located a vehicle matching the description parked in the area of Aquetong and River Roads near the border of Solebury Township and Upper Makefield Township. The vehicle was abandoned. Officer Forrester investigated further and learned from dispatch the name and address of the vehicle's owner—Licensee. Officer Forrester proceeded to Licensee's residence, which was nearby, learning en route that police officers from Upper Makefield Township had arrived at the home and were with Licensee. (R.R. 42a.)

When Officer Forrester arrived at Licensee's home, he observed Licensee and noted that he had bloodshot eyes, walked with a staggered gait, was unsteady, and slurred his words. Additionally, Officer Forrester observed that Licensee had a "bracelet" around his wrist, indicating that he had been at nightclub called Havana's, which is a drinking establishment. Officer Forrester indicated that the other police officers noted that Licensee had tried to cut off the wristband while they were with him in his kitchen. Officer Forrester testified that the two other officers told him that, when they asked Licensee who had been driving Licensee's car, Licensee responded that a friend had driven the car, but that he did not know his friend's name. Officer Forrester did not conduct a field sobriety test, but he did ask Licensee to recite the alphabet. He also asked Licensee if he had been driving his vehicle. Licensee did not respond to either the request or the question.

Minutes after midnight on April 4, 2009, Officer Forrester arrested Licensee and placed him in his patrol vehicle. Officer Forrester read Licensee Implied Consent form DL–26 and then asked Licensee if he would agree to submit to a blood alcohol test. Licensee declined. Officer Forrester drove Licensee to St. Mary's Medical Center and again asked Licensee if he still refused to submit to testing, and Licensee responded "Yes." Then Officer Forrester drove Licensee to the police station.

Based on these record facts, the trial court reasoned that Officer Forrester had reasonable grounds to believe that Licensee had been driving his vehicle while intoxicated: "Given all the surrounding circumstances, a reasonable person could conclude that Appellant, returning from an area nightclub, was driving his truck while intoxicated before abandoning the sparking vehicle on River Road, not far from his home." (R.R. 33a.)

■ The question of whether reasonable grounds existed is a question of law, which this Court reviews in a plenary fashion and on a case-by-case basis. *Dep't of Transp., Bureau of Driver Licensing v. Malizio*, 152 Pa.Cmwlth. 57, 618 A.2d 1091 (1992). This Court summarized the applicable test for determining whether a police officer had reasonable grounds in *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa.Cmwlth. 201, 363 A.2d 870, 872 (1976) (footnotes omitted), as follows:

Whether evidence is sufficient to constitute "reasonable grounds" can only be decided on a case-by-case basis. The test, however, is not very demanding. We note initially that, for "reasonable grounds" to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle under the influence of intoxicating liquor. Thus, it is not relevant that the motorist later, at the time of trial, can

establish a cause other than intoxication for such observed behavior as slurred speech or an unsteady gait. At trial, the only relevant factual defense would be a showing that the motorist's behavior was not, in fact, as the officer testified.

An officer's belief that a licensee was operating a vehicle while under the influence of alcohol or a controlled substance must only be objective in light of the surrounding circumstances. *Zwibel v. Dep't of Transp., Bureau of Driver Licensing*, 832 A.2d 599 (Pa.Cmwlth.2003).

■ As our Supreme Court stated in *Banner*, "the court must consider the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was *other evidence* indicating that the motorist had driven the vehicle at some point prior to the arrival of the police." *Banner*, 558 Pa. at 447, 737 A.2d at 1207 (emphasis added). On several occasions, this Court has been asked to determine whether a police officer had reasonable grounds to suspect a DUI violation where the officer did not actually witness the licensee operating the vehicle. In *Marone v. Commonwealth, Department of Transportation*, 990 A.2d 1187 (Pa.Cmwlth.2010), we found that a police officer had reasonable grounds to believe that the licensee had been operating or in control of the vehicle where the police officer found the licensee in the driver's seat of his parked vehicle with the engine running and the lights on. In *Fierst v. Commonwealth*, 115 Pa.Cmwlth. 263, 539 A.2d 1389 (1988), a witness advised police that the licensee had been involved in an accident. Police, however, did not arrive at the suspected drunk driver's home until about an hour after the accident, at which time they witnessed him drinking and in an apparent state of intoxication. This Court found that, under those circumstances, the police officer did not

have reasonable grounds to believe that the licensee was driving while under the influence of alcohol. *Fierst,* 539 A.2d at 1390.

In *Keane v. Commonwealth, Department of Transportation,* 127 Pa.Cmwlth. 220, 561 A.2d 359 (1989), testimony adduced at trial supported a close succession of events between the time of an automobile accident and the arrival of police at the home of the licensee to investigate a reported domestic assault. This Court thus concluded that the police officer had reasonable grounds to believe that the licensee was operating his vehicle while under the influence of alcohol. *Keane,* 561 A.2d at 361. In *McCallum v. Commonwealth,* 140 Pa.Cmwlth. 317, 592 A.2d 820 (1991), the licensee had been involved in a vehicle accident and left the scene. Before leaving the scene, however, he reportedly admitted to two people who had witnessed the accident that he had been drinking. Based on this witness testimony, the arresting officer met up with the licensee approximately 30 to 40 minutes after the accident and observed that the licensee had slurred speech, smelled of alcohol, and appeared glassy-eyed. This Court gave particular significance to the witness testimony that the licensee had admitted drinking that evening and affirmed the trial court's finding that the police officer had reasonable grounds to request that the licensee submit to testing. *McCallum,* 592 A.2d at 822–23.

More recently, in *Stahr v. Department of Transportation,* 969 A.2d 37 (Pa. Cmwlth.2009), a Pennsylvania State Police trooper responded to an accident scene. With the vehicle abandoned, the trooper located the licensee at his home using vehicle registration information. When questioned by the trooper, the licensee admitted to driving the vehicle. At this point, the trooper noticed that the licensee smelled of alcohol, had slurred speech, and had an unsteady gait. The licensee admitted that he had been consuming alcohol that evening. The trooper placed the licensee under arrest and asked him to submit to chemical testing. The licensee refused. The trial court, following a hearing, concluded that the trooper had reasonable grounds to suspect the licensee had operated his vehicle while under the influence of alcohol. We reversed, noting the absence of any evidence in the record of a timeframe between accident and arrest or some other objective evidence to support the trooper's conclusion that the licensee had been under the influence at the time of the accident:

> At no time during his testimony did Officer Brown indicate any timeframe between the accident and the time he encountered Stahr. *In other cases where the Court found a police officer had or did not have reasonable suspicion of DUI, where the arrestee was not found in his car, a timeframe between the arrestee's operation of the car and subsequent arrest, or some other evidence, such as witness accounts of the DUI, were established in the record.*

Officer Brown could not reasonably conclude that Stahr was driving under the influence simply because he showed signs of intoxication when he exited the state trooper's vehicle without further establishing the timeframe between the accident and the observed intoxication. No timeframe between the accident and arrest was established according to the evidence provided to the trial court. We cannot, therefore, conclude that Officer Brown had reasonable suspicion that Stahr was in control of his vehicle while under the influence of alcohol. Since there was no objective evidence to support Officer Brown's suspicion that Stahr was driving under the influence, the order of the trial court is reversed,

and Stahr's operating privileges are reinstated.

*Stahr,* 969 A.2d at 40–41 (citations omitted).

■ Here, the record supports a finding that police had reasonable grounds to believe that Licensee was under the influence of alcohol when they arrived at his home in the late evening hours of April 3, 2009, or early morning hours of April 4, 2009. The record also supports a finding that police had reasonable grounds to believe that Licensee had been drinking at a local club earlier that evening and had made his way home. The record also supports a finding that police had reasonable grounds to believe that Licensee's vehicle had been used that evening. Licensee contends, however, that this is the extent of the conclusions that can be reached from the evidence DOT presented during the hearing. Specifically, Licensee disputes the trial court's finding that police had reasonable grounds to believe that Licensee was driving his vehicle in an intoxicated state at the time it was abandoned. On this record, we agree.

We find no objective evidence in the record to support Officer Forrester's suspicion that Licensee had been operating or was in control of his vehicle at the time it was abandoned. Indeed, the record shows that Licensee denied operating his vehicle that evening, and this is not a case, like *McCallum,* where eyewitnesses placed Licensee in the vehicle. Nevertheless, even if there were objective evidence in the record to support such a suspicion, we are still faced with the absence of any record evidence to establish a period between the time the vehicle had been abandoned and Licensee's arrest. The lack of a time line is a troubling aspect of this case. There is simply no way to infer or estimate the length of time between the initial notice from the dispatch and arrest based solely on Licensee's apparent attendance at some undetermined time at a nightclub, his alleged driving at an undetermined time, and his abandoning his vehicle at yet another undetermined time.

In the cases upon which Licensee relies and which DOT seeks to distinguish, some of which are cited herein, there was at least some indicia of a limited time period between the incident at issue and police observations of the licensee or other objective evidence, such as eyewitness testimony, to support the request that the licensee submit to testing. Based on prior rulings from our Court, this type of objective evidence is necessary to support a reasonable grounds determination where the arresting officer did not witness the licensee actually operating the vehicle and where, as in this case, the vehicle is abandoned and the arresting officer catches up with the licensee at another location.

Based upon the foregoing discussion, we reverse the trial court's order.

## ORDER

AND NOW, this 29th day of June, 2010, the order of the Court of Common Pleas of Bucks County is reversed.