Christopher Marnik, Jr.    :
           :
    v.      :
           :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing,   : No. 949 C.D. 2015
      Appellant : Submitted: February 5, 2016


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY
JUDGE COVEY        FILED: August 9, 2016


   The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driving Licensing (DOT) appeals from the Allegheny County Common Pleas Court's (trial court) May 28, 2015 order sustaining the appeal of Christopher Marnik, Jr. (Marnik) from the 18-month suspension of his operating privileges imposed pursuant to Section 1547 of the Vehicle Code (commonly referred to as the Implied Consent Law) (Law).[1] The issue for this Court's review is whether the trial court erred when it concluded that the arresting officer did not have reasonable grounds to believe that Marnik was driving while under the influence of alcohol (DUI). After review, we vacate and remand.

---

[1] 75 Pa.C.S. § 1547. The Law provides for a 12-month suspension of driving privileges for refusal to submit to chemical testing, however, it increases to 18 months where, *inter alia*, an individual has been previously sentenced for driving under the influence of alcohol or a controlled substance pursuant to Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802. Marnik was convicted of driving under the influence under Section 3802 of the Vehicle Code on September 23, 2005. His driving privilege was suspended for one year. *See* Reproduced Record at 41a.

By letter dated May 10, 2013, Marnik was notified that due to his refusal to submit to a chemical test following an arrest for DUI on April 29, 2013, his vehicle operating privileges would be suspended for 18 months beginning June 14, 2013. On June 6, 2013, Marnik appealed to the trial court. The trial court held a hearing on May 29, 2014.

At the hearing, Robinson Township Police Department patrolman Michael Gastgeb (Officer Gastgeb) testified that, on April 29, 2013 at approximately 1:20 a.m., he observed a disabled vehicle on the roadway with no occupant. According to Officer Gastgeb, no one was around the vehicle at that time. Officer Gastgeb stated that the vehicle had a bent tire and scratches on the passenger side consistent with a guard rail impact. Officer Gastgeb explained that the accident had occurred just prior to his arrival, since the vehicle had not been present when he passed that location just fifteen minutes earlier. Officer Gastgeb further indicated that while he was at the scene, Marnik approached, dressed in gym shorts and a t-shirt. Marnik stumbled, had glassy eyes, slurred speech and smelled of alcohol. Officer Gastgeb described his interaction with Marnik as follows:

> Q. And how long after you came upon this disabled vehicle did [Marnik] show up?
>
> A. It was within a few minutes.
>
> Q. And what kind of balance did Mr. Marnik manifest at that time?
>
> A. [Marnik] was stumbling. He had [a] general[ly] hard time keeping his balance walking towards me.
>
> Q. And what happened after [Marnik] approached you?
>
> A. I asked him if that was his vehicle.
>
> Q. What was his answer?
>
> A. He said, yes; it's my grandfather's vehicle.

Q. What did you next say to him?

A. I asked if he had been driving the vehicle and he said yes. And I asked if he was in an accident and he said he did not know.

Q. He didn't know. Okay. What happened next after you asked him if he had been in an accident and he responded that he didn't know?

A. Yes. I asked if he had been drinking tonight and he said, yes; I was earlier. At that time, [Marnik] refused to communicate with me and the other officers.

Reproduced Record (R.R.) at 17a-18a. Officer Gastgeb testified that Marnik did not possess car keys at that time. On cross-examination, Officer Gastgeb admitted he did not recall whether the vehicle was running when he arrived and whether the keys were in the ignition, but that if such were the case, he would have noted it in his report, and it was not so noted. According to Officer Gastgeb, he never personally observed Marnik present in the vehicle; however, he advised Marnik that he was under arrest for DUI and transported him to Ohio Valley Hospital to have blood drawn.[2] Officer Gastgeb explained that after he read the implied consent warnings to Marnik, Marnik refused to submit to the blood test.

On February 24, 2015, the trial court sustained Marnik's appeal. The trial court reasoned:

> The objective evidence was that Officer Gastgeb observed a vehicle belonging to [Marnik's] grandfather parked on the roadway with a bent tire and scratches on its passenger side. Officer Gastgeb could not recall if the keys were in the ignition or if the car was running, although he recalled that he had testified at the preliminary hearing that he would have made a note of it on his Police Report if the keys were in the ignition. While Officer Gastgeb was at the scene, he observed [Marnik] approaching the car. Officer Gastgeb observed that [Marnik] exhibited several signs of

---

[2] Officer Gastgeb also stated that Marnik resisted being patted down and had to be restrained by the officers. *See* R.R. at 19a.

3

intoxication and [Marnik] told him that he had drinks earlier. Officer Gastgeb did not ask him when he had been drinking or where he had been. When [Marnik] met with the Officer, [he] had no car keys with him.

Nowhere is there any evidence that [Marnik] had any intoxicating beverage when he drove his car. There is simply no objective evidence from which to conclude that [Marnik] was in actual physical control of his vehicle while intoxicated.

R.R. at 94a-95a.

On March 18, 2015, DOT filed a motion for reconsideration. On March 26, 2015, DOT appealed to this Court. On March 19, 2015, the trial court granted reconsideration.[3] Thus, DOT withdrew its appeal. On May 28, 2015, upon reconsideration, the trial court again entered an order sustaining the appeal. DOT appealed to this Court.[4]

DOT contends that the trial court erred when it held that Officer Gastgeb did not have reasonable grounds to believe that Marnik had driven the vehicle while intoxicated, since Marnik appeared alone and intoxicated at the scene shortly after his grandfather's vehicle had been damaged, admitted that he had been drinking earlier in the evening, admitted driving the vehicle, and did not explicitly deny being involved in the accident. We agree.

This Court has explained:

Section 1547(b) of the Vehicle Code states that if a person arrested for violating Section 3802 of the Vehicle Code refuses to submit to a chemical test, [DOT] will suspend his operating privileges for 12 months, or for 18 months if the person has previously refused chemical testing or had a prior suspension of his operating privileges under Section

_____

[3] The order was not filed until April 9, 2015.

[4] "Our review of a trial court's action in an operating privilege suspension case is confined to determining whether the trial court committed an error of law, or an abuse of discretion, and whether the trial court's findings of fact are supported by substantial evidence." *Hasson v. Dep't of Transp., Bureau of Driver Licensing*, 866 A.2d 1181, 1184 n.2 (Pa. Cmwlth. 2005).

4

1547 of the Vehicle Code. 75 Pa.C.S. § 1547(b)(1). If the suspension is appealed, [DOT] must establish that the person:

> (1) was arrested for driving under the influence [(DUI)] by a police officer *who had reasonable grounds to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under influence of alcohol;* (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension.
>
> *Banner v. Dep't of Transp., Bureau of Driver Licensing, . . .* 737 A.2d 1203, 1206 ([Pa.] 1999) (emphasis added).

*Stahr v. Dep't of Transp., Bureau of Driver Licensing*, 969 A.2d 37, 39-40 (Pa. Cmwlth. 2009).

"In assessing whether [DOT] has met this burden, we consider the totality of the circumstances and determine, as a matter of law, **whether a person in the position of the arresting officer could have reasonably reached this conclusion.**" *Helt v. Dep't of Transp., Bureau of Driver Licensing*, 856 A.2d 263, 266 (Pa. Cmwlth. 2004) (emphasis added). "**It is not necessary for an officer to actually witness a licensee operating a vehicle in order to have reasonable grounds to place him under arrest for** [**DUI**]." *Walkden v. Dep't of Transp., Bureau of Driver Licensing*, 103 A.3d 432, 437 (Pa. Cmwlth. 2014) (emphasis added). However, "at the very least, there must be some objective evidence that the motorist exercised control over the movement of the vehicle at the time he was intoxicated." *Banner*, 737 A.2d at 1207.

> 'Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, **could have concluded** that the motorist was operating the vehicle while under the influence of intoxicating liquor.' *Banner*, 737 A.2d at 1207. To determine whether the officer had reasonable

5

grounds to conclude that the licensee was operating a vehicle under the influence, we must consider the totality of the circumstances, including such factors as the location of the vehicle; whether the engine was running; staggering, swaying or uncooperative behavior by the licensee; and the odor of alcohol.

*Walkden*, 103 A.3d at 436-37 (emphasis added). Further:

> **Whether evidence is sufficient to constitute reasonable grounds for arrest is a question of law subject to this Court's plenary review. The test for whether a police officer has reasonable grounds for believing a motorist is intoxicated is 'not very demanding.'** *Dep*[*'t*] *of Transp*[*.*]*, Bureau of Traffic Safety v. Dreisbach, . . .* 363 A.2d 870, 872 ([Pa. Cmwlth.] 1976). It is not necessary for the arresting officer to prove that he was correct in his belief that a motorist was operating the vehicle while intoxicated. Even if later evidence proves the officer's belief to be erroneous, this will not render the reasonable grounds void.
>
> [I]t is not the province of the appellate court to make new and different findings of fact. Determinations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the factfinder. Conflicts in the evidence are for the trial court to resolve and are improper questions for appellate review.

*Hasson v. Dep't of Transp., Bureau of Driver Licensing*, 866 A.2d 1181, 1185-86 (Pa. Cmwlth. 2005) (citations omitted; emphasis added). Finally, "[a]n officer's belief that the licensee was driving will justify a request to submit to chemical testing if **one reasonable interpretation** of the circumstances supports the officer's belief." *Helt*, 856 A.2d at 266 (emphasis added).

> [**A**] [**c**]**ommon pleas** [**court**] **err**[**s**] **in substituting its judgment as to what inference should be drawn from the circumstances the officer observed**; the test is whether the officer's conclusion was reasonable as a matter of law, **not whether common pleas might have concluded otherwise** had [it] stood in the officer's shoes.

6

*Id.* (emphasis added).

At the hearing, Officer Gastgeb explained he discovered the vehicle at approximately 1:20 a.m. and that the vehicle was not present when he passed the same location fifteen minutes earlier. Officer Gastgeb also testified that Marnik admitted that he had been driving the vehicle, and when asked if he had been in an accident, stated that he did not know. Although the trial court mentioned this testimony in its opinion, it did not, in its review of the objective evidence, explicitly address or make a factual finding regarding Officer Gastgeb's assertion that he had not seen the vehicle at the location when he had been there fifteen minutes prior, or Officer Gastgeb's testimony that Marnik admitted he had driven the vehicle. *See* R.R. at 94a-95a. Thus, Marnik maintains that the trial court must not have assigned that testimony "any weight" or found Officer Gastgeb's statements not credible. Marnik Amended Br. at 5.

It is unclear whether the trial court accepted as credible Officer Gastgeb's testimony that Marnik admitted that he drove the vehicle. Specifically, the trial court stated, "[n]owhere is there any evidence that [Marnik] had any intoxicating beverage **when** he drove his car." R.R. at 95a (emphasis added). Thus, this Court cannot determine whether the trial court accepted Officer Gastgeb's testimony that Marnik admitted he had driven the car at some time. We may not decide this case on conjecture. And thus, we remand this matter for the trial court to clarify whether it found credible Officer Gastgeb's testimony that Marnik admitted driving the vehicle, and that the vehicle was not present at the scene fifteen minutes prior to Officer Gastgeb finding it.

The trial court acknowledged in its discussion of objective evidence that when Marnik appeared, he "exhibited several signs of intoxication and . . . told [Officer Gastgeb] that he had drinks earlier." R.R. at 94a. "Case law in DUI criminal cases teaches that alcohol is not intoxicating until absorbed into the bloodstream and

that absorption takes place thirty to ninety minutes after consumption." *Hasson*, 866 A.2d at 1186. If the trial court found Officer Gastgeb's testimony credible that the accident must have happened in the fifteen minute period before he arrived, that Marnik appeared visibly intoxicated only a few minutes after Officer Gastgeb's arrival, and Marnik admitted that he had driven the car and been drinking earlier that evening, "**one reasonable interpretation** [(although certainly not the **only** possible interpretation)] of the circumstances" is that Marnik had been drinking **prior** to the incident, was intoxicated and driving the vehicle at the time the damage to the vehicle occurred. *Helt*, 856 A.2d at 266.

Marnik argues that the trial court correctly concluded that there was insufficient evidence to establish reasonable grounds, and in support thereof, cites to *Department of Transportation, Bureau of Driver Licensing v. Mulholland*, 527 A.2d 1123 (Pa. Cmwlth. 1987), and *Fierst v. Commonwealth of Pennsylvania*, 539 A.2d 1389 (Pa. Cmwlth. 1988). Marnik contends that those cases stand for the proposition that "speculative evidence does not constitute reasonable grounds." Marnik Amended Br. at 11.

In *Mulholland*, the licensee, a driver involved in an accident with another automobile, left the scene. Approximately twenty-five minutes later, accompanied by police, the driver of the other automobile found the licensee drinking at a tavern and identified him as the other driver. The police observed that the licensee appeared intoxicated and arrested him for driving under the influence. The licensee refused a breathalyzer test. This Court affirmed the trial court's order which sustained the licensee's appeal of his driver's license suspension. In doing so, this Court stated:

> This [twenty-five] minute delay seems to us to be too long
> for the officer to reasonably conclude that [the licensee] had
> in fact been driving his automobile under the influence of
> alcohol. As the trial court stated: 'He could have gone in

8

and had a couple of shots, even if he were in the accident. He could have gone in and had a couple of shots to calm himself down, I don't know, but the point is we're left to speculate about it.'

*Mulholland*, 527 A.2d at 1124.

In *Fierst*, witnesses at an accident location reported that the driver had left, and gave police the license plate number of the licensee's automobile. Approximately one hour later a police officer arrived at the licensee's house and saw him with a bottle of beer in his hand. The licensee staggered and smelled of alcohol. He was arrested for driving while intoxicated. This Court reversed the trial court's order and held "that under these facts and circumstances[,] a reasonable police officer could not conclude that there were reasonable grounds for believing that while driving, [the licensee] was under the influence of alcohol." *Fierst*, 539 A.2d at 1390.

Unlike *Mulholland* and *Fierst*, in the instant matter, **there is no speculation necessary regarding whether Marnik was intoxicated prior to the accident**. According to Officer Gastgeb, Marnik demonstrated multiple signs of intoxication within twenty minutes of the accident. When asked if he was drinking that night, Marnik admitted to Officer Gastgeb that he had been drinking earlier. When asked if the vehicle was his, he responded affirmatively, and then stated it was his grandfather's. He also admitted that he had driven the vehicle, and did not know if he had been in an accident. Officer Gastgeb also testified that there was no one around the vehicle when he arrived at approximately 1:20 a.m.

As Marnik points out, Officer Gastgeb did not see him driving the vehicle. However, it was not necessary for DOT to prove Marnik did so. *See Walkden*. DOT was simply required to demonstrate that Officer Gastgeb's conclusion that Marnik had driven while intoxicated was reasonable given the totality of the circumstances. Stated another way, DOT was only required to prove that "one

9

reasonable interpretation of the circumstances" is, as Officer Gastgeb believed, that Marnik drove the vehicle while intoxicated. *Helt*, 856 A.2d at 266.[5]

For all of the above reasons, the trial court's order is vacated and the matter is remanded to the trial court to address the credibility of Officer Gastgeb's testimony, and render a new decision based on the relevant law as discussed herein.

_____
ANNE E. COVEY, Judge

---

[5] The Dissent, the trial court and Marnik focus on the fact that there is no evidence that the vehicle was running or that the keys were in the ignition when Officer Gastgeb came upon the vehicle. Cases that have focused specifically on such factors have done so where an individual is found sleeping or unconscious in the vehicle and the primary question is whether the individual exercised control over the movement of the vehicle while intoxicated. *See, e.g., Banner*; *Vinansky v. Dep't of Transp., Bureau of Driver Licensing,* 665 A.2d 860 (Pa. Cmwlth. 1995); *Dep't of Transp., Bureau of Driver Licensing v. Paige,* 628 A.2d 917 (Pa. Cmwlth. 1993); *Polinsky v. Dep't of Transp.*, 569 A.2d 425 (Pa. Cmwlth. 1990).

Here, the damaged vehicle was left on the roadway in the middle of the night. If the trial court finds Officer Gastgeb's testimony credible that the vehicle was not at the scene minutes earlier, there would be no question that the vehicle had been operated. Thus, the question in this case would be the identity of the operator and whether the operator was intoxicated at the time the vehicle was operated. If Officer Gastgeb's testimony is deemed credible, Officer Gastgeb could have reasonably concluded that Marnik had operated the vehicle and was intoxicated while doing so.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Christopher Marnik, Jr. | : |
| | : |
| v. | : |
| | : |
| Commonwealth of Pennsylvania, | : |
| Department of Transportation, | : |
| Bureau of Driver Licensing, | :   No. 949 C.D. 2015 |
| Appellant | : |

## O R D E R

AND NOW, this 9th day of August, 2016, the Allegheny County Common Pleas Court's (trial court) May 28, 2015 order is vacated and the matter is remanded for the trial court to make findings of fact and render a new decision consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Christopher Marnik, Jr. | : |
| | : No. 949 C.D. 2015 |
| | : Submitted: February 5, 2016 |
| v. | : |
| | : |
| Commonwealth of Pennsylvania, | : |
| Department of Transportation, | : |
| Bureau of Driver Licensing, | : |
| | : |
| Appellant | : |

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED: August 9, 2016

I respectfully dissent. Because I believe that the trial court properly concluded that DOT failed to establish that Officer Gastgeb had reasonable grounds to believe that Marnik operated or controlled the vehicle while under the influence of alcohol, I would affirm.

The majority concludes that a remand is necessary because it is unclear if the trial court credited Officer Gastgeb's testimony that: (1) the vehicle was not present at the scene 15 minutes before Officer Gastgeb first observed the vehicle and (2) Marnik told Officer Gastgeb that he had driven the vehicle at some unspecified time in the past. (Maj. Op. at 7-8.) However, even if the trial court had credited this testimony, there is no objective evidence that Marnik operated or controlled the vehicle while under the influence of alcohol.

As part of its burden to sustain the suspension of a licensee's operating privilege for refusing to submit to a chemical test, "DOT must establish that the licensee . . . was arrested for driving under the influence by a police officer who had reasonable grounds to believe that *the licensee* was operating or was in actual physical control of the movement of the vehicle while under influence of alcohol." *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999) (emphasis added). In determining whether the "reasonable grounds" test is met, "we must consider the totality of the circumstances." *Walkden v. Department of Transportation, Bureau of Driver Licensing*, 103 A.3d 432, 436-37 (Pa. Cmwlth. 2014). "[A]t the very least, there must be *some objective evidence* that the [licensee] exercised control over the movement of the vehicle at the time he was intoxicated." *Banner*, 737 A.2d at 1207 (emphasis added).

Here, the record does not indicate that anyone observed Marnik "drive his [grandfather's] vehicle or even sit behind the wheel." (Trial Ct. Op. at 2.) Additionally, Marnik did not have the vehicle's keys with him when Officer Gastgeb encountered Marnik. (*Id.* at 3.) Officer Gastgeb did not recall if the vehicle's keys were in the ignition or if the vehicle's engine was running. (*Id.* at 2.) However, Officer Gastgeb recalled that he had testified at the preliminary hearing that if the keys had been in the ignition, he would have made a note of it in his police report. (*Id.*; N.T., 5/29/14, at 17.) The trial court found that "Officer Gastgeb never asked [Marnik] when he had *last* driven the vehicle," (Trial Ct. Op. at 2 (emphasis added)), when he had been drinking, or where he had been. (*Id.* at 4.) The trial court found that the record lacks any objective evidence that Marnik had recently operated or controlled the vehicle that night. (*Id.* at 5.) Therefore, I submit that it is immaterial

RSF - 2 -

whether the trial court credited Officer Gastgeb's testimony that *someone* had recently driven the vehicle to the scene and that Marnik had admitted to driving the vehicle at some unspecified time in the past.

For these reasons, I would affirm the trial court.

_____
ROCHELLE S. FRIEDMAN, Senior Judge