592 A.2d 820

**Joseph McCALLUM, II, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 1990.

Decided June 4, 1991.

318

Robert C. Eddins, for appellant.

David R. White, Asst. Counsel, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Joseph McCallum, II, appeals an order of the Court of Common Pleas of Allegheny County affirming the Department of Transportation's (DOT's) one year suspension of his operating privilege for failing to submit to a chemical test.[1]

McCallum does not dispute that he was involved in a traffic accident while driving his car. He gave his name, address and phone number to Eric Vicker and Vanessa Walters, who were also involved in the accident, and then left the accident scene. The Bethel Park Police Department dispatched Officer Gary to the scene of the accident. At trial, Officer Gary testified that Vicker and Walters told him that McCallum admitted he had been drinking before the accident (39a).

Officer Gary also testified that when he met with McCallum approximately 30–40 minutes after the accident,[2]

---

1. Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b) provides: Suspension for refusal.—
 (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
 (2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.
 (3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

2. Officer Gary asked Officer Pinto to go to McCallum's residence. Because McCallum did not want to upset his children who were at his residence, he requested Officer Pinto to drive him to another location, where he met with Officer Gary. It is noteworthy, in view of McCallum's argument on appeal, that Officer Pinto arrived at McCallum's

McCallum smelled of alcohol and slurred his speech. Officer Gary arrested McCallum for drunk driving. At that time, Officer Gary asked McCallum to submit to a blood alcohol test, and McCallum refused. DOT suspended McCallum's operating privilege pursuant to 75 Pa.C.S. § 1547(b), and the trial court affirmed.

■ McCallum argues on appeal[3] that the trial court erred in concluding that Officer Gary had reasonable grounds to request chemical testing. A police officer has reasonable grounds to request chemical testing if a reasonable person in the position of the police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove his car while under the influence of alcohol. *Fierst v. Commonwealth,* 115 Pa.Commonwealth Ct. 263, 266, 539 A.2d 1389 (1988). Whether reasonable grounds exist can only be decided on a case-by-case basis. *Department of Transportation v. Dreisbach,* 26 Pa.Commonwealth Ct. 201, 363 A.2d 870 (1976).

McCallum argues that because of the time delay between the accident and his arrest, Officer Gary did not have reasonable grounds to believe he was intoxicated at the time of the accident. McCallum cites *Department of Transportation v. Mulholland,* 107 Pa.Commonwealth Ct. 213, 527 A.2d 1123 (1987), and *Fierst* in support of his argument.

In *Mulholland,* we held that a police officer lacked "reasonable grounds" when he had no evidence that the driver had been under the influence of alcohol at the time of the accident, but saw him drinking alcohol at a tavern twenty-five minutes later. In *Fierst,* we again found that a police officer could not reasonably conclude that the driver drove

residence only 17 minutes after the accident, and remained with him until his arrest.

3. Our scope of review in license suspension cases is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Department of Transportation v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

while intoxicated merely because the driver had a beer in his hand one hour after the accident. In both cases, the police officer had no evidence that the driver had been under the influence at the time of the accident. The evidence only indicated that the driver had been drinking *after* the accident.

■ Whether the mere unexplained passage of time between the accident and the arrest is sufficient to create a reasonable doubt and rebut the result of a chemical test in a criminal prosecution for driving while intoxicated is not the issue before us. Rather, the issue is whether Officer Gary had "reasonable grounds to believe [McCallum] to have been driving a motor vehicle while under the influence of alcohol." 75 Pa.C.S. § 1547(a).

"Reasonable grounds" does not require a police officer to witness the driver driving his car. *See, e.g., Menosky v. Commonwealth*, 121 Pa.Commonwealth Ct. 464, 550 A.2d 1372 (1988). In addition, the police officer's reasonable grounds will not be rendered void even if the belief is later discovered to be erroneous. *Keane v. Department of Transportation*, 127 Pa.Commonwealth Ct. 220, 561 A.2d 359 (1989). The police officer's belief must only be objective in light of the surrounding circumstances, and "the existence of reasonable alternative conclusions does not necessarily preclude [the arresting officer's] actual belief from being reasonable." *Id.*, 127 Pa.Commonwealth Ct. at 224, 561 A.2d at 361.

The two witnesses to the accident, Vicker and Walters, told Officer Gary that McCallum had admitted to them he had been drinking.[4] When Officer Gary met with McCallum 30–40 minutes after the accident, he observed that McCallum slurred his speech, smelled of alcohol and appeared glassy-eyed.

4. Evidence of an out-of-court statement by a non-party declarant to a police officer, is not hearsay if offered solely to prove that the police officer had reasonable grounds to believe that the driver drove while intoxicated. *Waldspurger v. Commonwealth*, 103 Pa.Commonwealth Ct. 148, 520 A.2d 83 (1987).

■ There is no evidence which would provide any basis to conclude that McCallum's consumption of alcohol occurred after, and not before, the accident. There was only a period of 17 minutes between the time of the accident and the police taking McCallum into custody.[5] McCallum certainly did not offer any evidence which would rebut the obvious inferences to be drawn by a police officer in the position of Officer Gary.

We hold that the information provided to the police officer by witnesses that McCallum admitted he was drinking, and the observations of the police officer 30–40 minutes after the accident, in the absence of any evidence which would suggest that the consumption of alcohol occurred after the accident, provided a sufficient basis for the police officer to request McCallum to submit to the test.

Therefore, we affirm the order of the trial court.

## ORDER

The order of the Court of Common Pleas of Allegheny County is affirmed.