# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey T. Olt,                              :
                    Appellant               :
                                            :
          v.                                :
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :    No. 1653 C.D. 2018
                                            :
Jeffrey T. Olt,                             :
                    Appellant               :
                                            :
          v.                                :
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :    No. 1654 C.D. 2018
Bureau of Driver Licensing                  :    Submitted: June 21, 2019


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: August 15, 2019


Jeffrey T. Olt (Licensee) appeals from the Schuylkill County Common Pleas Court's (trial court) November 13, 2018 order denying and dismissing his operating privilege suspension and disqualification appeals from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department). Licensee presents two issues for this Court's review: (1) whether the trial court erred by permitting a testifying witness to describe out-of-court statements made by a non-testifying witness; and (2) whether the trial court erred by dismissing Licensee's appeals because the arresting officer erroneously utilized a breath testing

form to obtain blood test consent, and contradicted his direct testimony and the Department's certified documents. After review, we affirm.

On January 4, 2018, Pennsylvania State Police Troopers Stephen Kleeman (Trooper Kleeman) and Jeffrey Hummel (Trooper Hummel) (collectively, Troopers) were separately dispatched for a reported disturbance involving a pick-up truck operator. They proceeded to Olt's Trucking, the business to which the truck was registered.

While at Olt's Trucking, Licensee approached the Troopers at moderate speed in a utility truck, stopped the vehicle, and began an aggressive interaction with the Troopers. Specifically, Licensee threatened to kill Trooper Hummel and his family, referred to him as "Howard Stern," and accused him of stealing Licensee's red beet eggs. Reproduced Record (R.R.) at 190a. During the interaction, Licensee backed up the vehicle and then pulled forward at a high rate of speed in Trooper Hummel's direction, leading Trooper Hummel to believe Licensee was going to strike him. Trooper Hummel drew his weapon. Licensee stopped the vehicle, hid behind the door, reiterated to Trooper Hummel that he was going to kill him and his family, and lectured him about drawing his weapon.

Trooper Hummel observed that Licensee appeared agitated and confused, his eyes were glossy, and his speech was slurred. Although the Troopers believed that Licensee might be impaired, they did not detect an odor of alcohol on or around him. Licensee got back into his vehicle and left the property. Believing that Licensee should not be driving in his condition, the Troopers pursued Licensee with their lights and sirens activated, but Licensee did not stop. During the pursuit, Licensee traveled on both sides of the roadways and drove through a stop sign. The

2

chase[1] ended when Licensee ran his vehicle off the road. Because Licensee refused to get out of his vehicle, the Troopers forcibly removed him.

Once Licensee was in custody, Trooper Kleeman asked Pennsylvania State Police drug recognition expert Corporal Rymarkiewicz (Corporal Rymarkiewicz) to proceed to the Pennsylvania State Police barracks to conduct a drug recognition evaluation (DRE) on Licensee because he believed that "something was going on" with Licensee. R.R. at 34a. As Trooper Hummel transported Licensee to the barracks, Licensee continued to refer to Trooper Hummel as "Howard Stern," and asked Trooper Hummel why he did not remember him from computer classes they took together, despite that Trooper Hummel had not taken any computer classes. Based on Trooper Hummel's experience, he believed that Licensee "was certainly under the influence" and that "he was certainly impaired of some sort of . . . narcotic or prescription drug; and . . . was incapable of safely driving . . . ." R.R. at 75a-76a.

When Trooper Kleeman returned to the barracks, he learned that Licensee was being uncooperative. Trooper Kleeman spoke with Licensee and explained that although he did not smell alcohol on Licensee, he felt that a DRE was warranted based on Licensee's combative and nonsensical in-custody behavior during the incident. Corporal Rymarkiewicz conducted Licensee's DRE in Trooper Kleeman's presence. Based on Trooper Kleeman's observations, and those of Corporal Rymarkiewicz, Trooper Kleeman concluded that further testing was warranted. Accordingly, Trooper Kleeman advised Licensee that he was under arrest for suspected driving under the influence, and he read Licensee the implied consent

---

[1] Although Licensee was traveling at low speed, the roads were snowy and icy, and Trooper Hummel believed Licensee was driving too fast for those conditions.

warnings (DL-26 Form).[2]   The DL-26A Form (DL-26A Form) contained the following warnings:

> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code[, 75 Pa.C.S. § 3802].
>
> 2. I am requesting you to submit to a chemical test of **breath**.
>
> 3. If you refuse to submit to the **breath** test, your operating privilege will be suspended for at least 12 months.  If you previously refused a chemical test or were previously convicted of driving under the influence, your operating privilege will be suspended for up to 18 months.  If your operating privilege is suspended for refusing chemical testing, you will have to pay a restoration fee of up to $2,000[.00] in order to have your operating privilege restored.  In addition, if you refuse to submit to the **breath** test, and you are convicted of violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, then, because of your refusal, you will be subject to more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code.  These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 consecutive hours in jail and a minimum fine of $1,000.00, up to a maximum of five years in jail and a maximum fine of $10,000[.00].

R.R. at 120a (emphasis added).  Although the DL-26A Form pertained to breath test consent, Trooper Kleeman substituted the word "blood" for the word "breath" as he read the implied consent warnings to Licensee.  R.R. at 50a, 52a-53a.  Licensee refused to submit to the test.

---

[2] The Department's "DL-26 Form contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).  The DL-26A Form is used to provide warnings and obtain consent when law enforcement seeks a breath test, and a DL-26B implied consent warning form is used when law enforcement requests a blood test.

By notice mailed on April 25, 2018, the Department suspended Licensee's operating privilege for one year (Suspension Notice) pursuant to Section 1547 of the Vehicle Code (Vehicle Code) (commonly referred to as the Implied Consent Law), 75 Pa.C.S. § 1547. Also on April 25, 2018, the Department informed Licensee of the lifetime disqualification of his commercial driver's license (Disqualification Notice), as required by Section 1611(c) of the Uniform Commercial Driver's License Act (UCDL),[3] 75 Pa.C.S. § 1611(c), because his January 4, 2018 chemical testing refusal was his second violation of Section 1611(a) of the UCDL, 75 Pa.C.S. § 1611(a).

On May 4, 2018, Licensee filed a pro se statutory appeal in the trial court. On May 25, 2018, Licensee's counsel (Counsel) appealed from both the license suspension and commercial license disqualification in the trial court. On September 20, 2018, the trial court held a *de novo* hearing, consolidating Licensee's pro se and counseled appeals. At the hearing, Trooper Kleeman and Trooper Hummel described the relevant events of January 4, 2018, and the grounds upon which they believed Licensee was operating his vehicle while under the influence of a controlled substance. Corporal Rymarkiewicz did not attend the hearing. Licensee did not testify or present evidence.

On November 13, 2018, the trial court dismissed Licensee's appeals. The trial court found the Troopers' testimony credible, concluded the Troopers had reasonable grounds to believe Licensee was operating his vehicle while under the influence of a controlled substance, and determined that Licensee had refused consent for chemical testing. Licensee appealed to this Court.[4]

---

[3] 75 Pa.C.S. §§ 1601-1622. Section 1611(c) of the UCDL mandates lifetime disqualification of commercial drivers twice convicted of violating Section 1611(a) of the UCDL, or the subject of two or more test refusals under Section 1613 of the UCDL, 75 Pa.C.S. § 1613 (pertaining to implied consent requirements for commercial motor vehicles) or any combination thereof.

[4] "Our standard of review is limited to determining whether [the trial court] committed an error of law, whether [the trial court] abused its discretion, or whether the findings of fact are

Initially,

> [i]n order to sustain the appeal of a license suspension under the Implied Consent Law:

> > The Department must prove at a statutory appeal hearing that the licensee (1) was arrested for driving while under the influence by a police officer who had *reasonable grounds* to believe that the licensee was operating a vehicle while under the influence of alcohol or a controlled substance, (2) was asked to submit to a chemical test, (3) refused to do so, and (4) was warned that a refusal would result in a license suspension.

> *Zwibel v. Dep't of Transp., Bureau of Driver Licensing*, 832 A.2d 599, 604 (Pa. Cmwlth. 2003) (emphasis in original). With regard to the first prong of this burden,

> > [a]n officer has reasonable grounds to believe an individual was operating a motor vehicle under the influence of alcohol 'if a reasonable person in the position of a police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove his car while under the influence of alcohol.' *McCallum v. Commonwealth*, . . . 592 A.2d 820, 822 ([Pa. Cmwlth.] 1991). The issue of reasonable grounds is decided on a case-by-case basis, and an officer's reasonable grounds are not rendered void if it is later discovered that the officer's belief was erroneous. *Id.* The officer's belief must only be objective in light of the surrounding circumstances. Moreover, the existence of reasonable alternative conclusions that may be made from the circumstances does not necessarily render the officer's belief unreasonable. *Id.*

> *Id.*

---

supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

*Regula v. Dep't of Transp., Bureau of Driver Licensing*, 146 A.3d 836, 842-43 (Pa. Cmwlth. 2016).[5]

Licensee first argues that the trial court erred when it permitted Trooper Kleeman to testify regarding Corporal Rymarkiewicz's post-DRE conclusion. Licensee specifically contends the trial court erred when it overruled his hearsay objection during the following exchange between the Department's counsel and Trooper Kleeman:

> Q. . . . When [Corporal Rymarkiewicz] was doing the . . . DRE test evaluation, did he ever inform you what his . . . conclusion was based on his DRE observations?
>
> A. His conclusion would have been that he --
>
> [Counsel]: I'm going to object to his conclusion, Your Honor. That's clearly hearsay testimony which would need [Corporal] Rymarkiewicz [sic] to testify.
>
> THE COURT: It's overruled. You may answer the question.
>
> [Trooper Kleeman]: Based on his observations, he would have -- he would have taken him for a blood test.

R.R. at 58a.

---

[5] "It is well settled that the standard for reasonable grounds is not very demanding and the police officer need not be correct in his belief that the motorist had been driving while intoxicated." *Sisinni v. Dep't of Transp., Bureau of Driver Licensing*, 31 A.3d 1254, 1259 (Pa. Cmwlth. 2011).

> While there is no set list of behaviors that a person must exhibit for an officer to have reasonable grounds for making an arrest, case law has provided numerous examples of what this Court has accepted as reasonable grounds in the past, e.g., staggering, swaying, falling down, belligerent or uncooperative behavior, slurred speech, and the odor of alcohol.

*Stancavage v. Dep't of Transp., Bureau of Driver Licensing*, 986 A.2d 895, 899 (Pa. Cmwlth. 2009). In *Matthews v. Commonwealth*, 540 A.2d 349, 350 (Pa. Cmwlth. 1988), "[t]he police officer smelled no alcohol on [the driver's] breath but noted that his eyes were glassy and at times he was unsteady on his feet and combative." This Court held that the driver's "bizarre behavior" provided reasonable grounds for the police officer to request chemical testing. *Id*. at 351.

Licensee asserts:

> Despite Corporal Rymarkiewicz not being present in court, despite Corporal Rymarkiewicz's report not being admitted, and further despite Corporal Rymarkiewicz not being qualified as an expert witness, Corporal Rymarkiewicz's purported conclusion as to [Licensee's] alleged impairment was admitted over objection.

Licensee Br. at 11. Licensee insists that "Corporal Rymarkiewicz's opinion was crucial to the disposition of the case, as his opinion formed the very basis for Trooper Kleeman to request [Licensee] to submit to chemical testing."[6] *Id.*

> This Court has explained:
>
> Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. A statement may be hearsay only if it is offered to prove the truth of the matter asserted. But, an out-of-court statement offered to explain a course of conduct is not hearsay.

*Jerry v. Dep't of Corr.*, 990 A.2d 112, 116 (Pa. Cmwlth. 2010) (citations omitted). Thus, an out-of-court statement is admissible to demonstrate motivation for an arresting officer's course of conduct. *See Menosky v. Commonwealth*, 550 A.2d 1372 (Pa. Cmwlth. 1988); *see also DiSalvatore v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 835 C.D. 2012, filed November 13, 2012); *Lubman v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 117 C.D. 2011, filed February 1, 2012).[7]

---

[6] Notably, Licensee does not specifically argue that his behavior did not provide the Troopers reasonable grounds to believe he was operating the vehicle under the influence of a controlled substance. Rather, while stressing the impact of Corporal Rymarkiewicz's opinion, Licensee ignores Trooper Kleeman's testimony of his personal observations.

[7] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *DiSalvatore* and *Lubman* are cited for their persuasive value.

In the instant matter, Corporal Rymarkiewicz's conclusion was not offered for the truth of the matter asserted but, rather, "to establish [Trooper Kleeman's] state of mind, *i.e.*, to establish that [he] had reasonable grounds to believe Licensee was [under the influence of a controlled substance]." *Menosky*, 550 A.2d at 1374. Further, Trooper Kleeman's testimony, which the trial court deemed credible, reflects that Trooper Kleeman did not rely only on Corporal Rymarkiewicz's conclusions in requesting Licensee submit to chemical testing. Rather, Trooper Kleeman testified that his request was also based on his personal observations of Licensee's behavior and his professional experience. *See* R.R. at 34a, 37a, 47a, 58a-59a. In fact, when Licensee's counsel insisted during cross-examination that "[i]t's only based upon Corporal Rymarkiewicz's DRE exam that [he] asked for the chemical testing to be performed[,]" Trooper Kleeman responded, "**and my observations**." R.R. at 47a (emphasis added). Under these circumstances, the trial court did not err by permitting Trooper Kleeman's testimony describing Corporal Rymarkiewicz's post-DRE conclusion.

Licensee next asserts that the trial court erred by denying his appeals because Trooper Kleeman: erroneously used a DL-26A Form pertaining to breath testing rather than blood testing; provided cross-examination testimony that contradicted his direct testimony;[8] and created an "irreconcilable contradiction" by testifying that Licensee refused to submit to a blood test, where the Department's certified documents reflect that Licensee refused to submit to a **breath test**. Licensee Br. at 19.

---

[8] Trooper Kleeman testified on direct examination that he had read the DL-26A Form implied consent warnings to Licensee **verbatim**, and similarly testified at a preliminary hearing involving criminal charges arising from the incident. Although the criminal charges were dismissed, that outcome is not relevant here. *See Regula*, 146 A.3d at 843 ("[T]he result of a *criminal* DUI proceeding and the legality of the underlying traffic stop are not relevant to an appeal of a *civil* license suspension matter based on a licensee's refusal to submit to a chemical test in accordance with the Implied Consent Law.").

In *Jackson v. Department of Transportation, Bureau of Driver Licensing*, 191 A.3d 931 (Pa. Cmwlth. 2018),

> [the a]rresting [o]fficer testified that the warnings he read from the card were the warnings in the DL-26A Form 'verbatim.' Although the DL-26A Form stated 'Use For Breath Test' . . . , [the a]rresting [o]fficer credibly testified that at the scene of the arrest he asked [the l]icensee to submit to a blood test . . . .
>
> . . . .
>
> Although the DL-26A Form used the word 'breath' instead of 'blood,' [the a]rresting [o]fficer credibly testified that he requested a blood test, not a breath test, at the scene of the arrest. [The l]icensee failed to present any evidence or even allege that [the a]rresting [o]fficer read the word 'breath' instead of 'blood' when giving the warnings for the blood test.

*Id.* at 936 (record citations omitted). Based on the arresting officer's testimony and the trial court's credibility findings, the *Jackson* Court held that the arresting officer read the proper warnings for a chemical blood test under Section 1547(b)(2) of the Vehicle Code.

Here, Licensee argues that in prior testimony, Trooper Kleeman stated that he read the implied consent warnings from the DL-26A Form to Licensee "verbatim," but when Counsel pointed out to Trooper Kleeman on cross-examination that the DL-26A Form warnings pertained to breath tests rather than blood tests, Trooper Kleeman insisted that he had substituted the word "blood" for "breath." *See* R.R. at 50a-53a.

> The law is well-established that
>
> '[d]eterminations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the trial court as fact[]finder.' *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008). 'As the factfinder, the trial court is free to accept or reject any testimony in whole or in part,

> subject only to review by this court for an abuse of discretion.' *DiCola v. Dep't of Transp., Bureau of Driver Licensing*, 694 A.2d 398, 400 (Pa. Cmwlth. 1997).

*Stancavage v. Dep't of Transp., Bureau of Driver Licensing*, 986 A.2d 895, 899 (Pa. Cmwlth. 2009). Here, the trial court observed Trooper Kleeman's testimony and, as fact-finder, was free to accept or reject the veracity of Trooper Kleeman's statements. It found Trooper Kleeman's clarified testimony credible. We discern no abuse of discretion. Accordingly, this Court holds that, like the arresting officer in *Jackson*, by substituting the word "blood" for "breath," Trooper Kleeman read the proper warnings for a chemical blood test under Section 1547(b)(2) of the Vehicle Code and Licensee refused the test. Licensee's argument to the contrary lacks merit.

Similarly, there is no merit to Licensee's assertion that "[a]n irreconcilable conflict exists as between Trooper Kleeman's testimony and the certified records . . . introduced by [the Department]" because the Department's certified records reflect that the license suspension and commercial license disqualification resulted from Licensee's refusal to submit to a breath test, not a blood test. Licensee Br. at 19.

Two of the three Department documents to which Licensee specifically refers are titled "Certification and Attestation," wherein the Department's records custodian certified that Department records searches produced documents that included the "chemical testing warnings and report of refusal to submit to a breath test[.]" R.R. at 101a, 117a. Thus, the two certifications merely described the DL-26A Form which Trooper Kleeman filed. The third document, titled "Certification Statement" reflects that a search for Licensee's commercial driver's license produced a record with a violation of "Chemical Testing to Determine Amount of Alcohol" with "Action Taken By Department" of "Official Notice of Disqualification for Refusal to Submit to Test . . . ." R.R. at 122a. Notwithstanding, apart from the DL-26A Form, the actual records referenced in the Department's certifications contain

11

the phrase "chemical test refusal." R.R. at 113a, 129a. Licensee's Suspension and Disqualification Notices similarly refer to a "chemical test refusal" under Section 1547 of the Vehicle Code. R.R. 102a, 118a. Therefore, the only arguable "conflict" between Trooper Kleeman's testimony and the Department's documents is contained in **certifications** describing the records in the Department's possession, and in the DL-26A Form, which Trooper Kleeman's testimony clarified. *See Jackson*. Accordingly, Licensee's argument fails.

For all of the above reasons, the trial court's order is affirmed.[9]

_____
ANNE E. COVEY, Judge

---

[9] On June 20, 2019, Licensee filed an Application Requesting Oral Argument (Argument Application), averring that "the intricate factual issues pertaining to the improper admission of expert testimony via hearsay, and the conflicts as to the type of chemical test that was purportedly refused could be best explained via oral argument." Argument Application at 2. This Court disagrees, and denies Licensee's Argument Application.

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey T. Olt, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | No. 1653 C.D. 2018 |
| | : | |
| Jeffrey T. Olt, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | No. 1654 C.D. 2018 |
| Bureau of Driver Licensing | : | |

## O R D E R

AND NOW, this 15th day of August, 2019, the Schuylkill County Common Pleas Court's November 13, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge