IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barry Langan,                                    :
                         Appellant              :
                                                 :
           v.                                    :
                                                 :
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :    No. 1536 C.D. 2019
Bureau of Driver Licensing                       :    Submitted: August 27, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: November 15, 2021


         Barry Langan (Licensee) appeals from the Allegheny County Common
Pleas Court's (trial court) September 26, 2019 order denying his appeal from the
Department of Transportation, Bureau of Driver Licensing's (DOT) 12-month
suspension of his driving privileges. Licensee presents the following issue for this
Court's review: whether the trial court erred by excluding a video of his interaction
with the investigating officer, and by precluding a question concerning his car keys.
After review, this Court affirms.

         On May 5, 2018, Bethel Park Police Sergeant Kolby Grubich (Sergeant
Grubich) observed Licensee's vehicle do the following: touch the double yellow line
twice in the 7100 block of Baptist Road; make an improper left-hand turn onto
Horning Road, cut the turn too short and cross into the eastbound lane before
correcting into the westbound lane; and straddle the single yellow line on Horning
Road. Based on his observations, Sergeant Grubich used his overhead lights to

initiate a traffic stop. Instead of stopping, the vehicle turned into a residential driveway and then into the garage. Although Sergeant Grubich did not observe the vehicle's occupants while it was traveling on the road, after he exited his vehicle and walked to the garage, he saw the occupants exit the vehicle. Sergeant Grubich witnessed Licensee rise up from the driver's side of the vehicle, and a female passenger sitting in the vehicle's passenger side.

Sergeant Grubich informed Licensee that he was conducting a traffic stop and requested that Licensee get back in the vehicle. Licensee stated that a traffic stop could not be performed in his garage. Sergeant Grubich then informed Licensee that he attempted to pull him over on Horning Road. When Sergeant Grubich requested Licensee's identification, he noted that Licensee had slurred speech and glassy eyes. Licensee began to walk away from the vehicle towards the entrance of the residence. As Licensee walked past Sergeant Grubich, Sergeant Grubich sensed a moderate odor of alcohol emanating from Licensee.

Sergeant Grubich radioed for backup due to Licensee's non-compliance. Bethel Park Police Officer Justin Beer (Officer Beer) informed Sergeant Grubich that he was en route. Sergeant Grubich attempted to maintain control of the situation and requested Licensee to come towards him. Licensee did not comply. Rather, while attempting to shut the garage door a total of three times, Licensee pulled out his cell phone and told Sergeant Grubich that he was recording him. Sergeant Grubich placed his right foot in the security safety sensor's path at the bottom of the garage door, causing it to open each time. After Officer Beer arrived, he and Sergeant Grubich (collectively, Officers) ordered Licensee to approach them, Licensee complied, and they attempted to arrest him for driving under the influence of alcohol (DUI).

Licensee resisted arrest by tensing and locking his arms, which prevented the Officers from putting handcuffs on him. As a result, the Officers

2

escorted Licensee out of the garage and tried to bend him over a small wall to gain his compliance. When that did not work, the Officers moved Licensee from the wall, and Sergeant Grubich took him to the ground. The Officers were able to place Licensee in handcuffs at that time.

Officer Beer ultimately took custody of Licensee and transported him to St. Clair Hospital for a blood test. Officer Beer read the entire DL-26 Form[1] to Licensee verbatim and in its entirety, while he and Licensee were in an examination room. Licensee was adamant that he would not give blood or sign the warnings. Hospital staff requested a phlebotomist. After the phlebotomist arrived, Officer Beer again read the DL-26 Form to Licensee verbatim and in its entirety. Licensee refused again, and Officer Beer deemed it a refusal.

On September 10, 2018, DOT mailed Licensee an Official Notice of Suspension of Driving Privilege (Notice) for one year, effective October 22, 2018. Licensee appealed from the Notice to the trial court. On September 26, 2019,[2] the trial court held a hearing and dismissed Licensee's appeal. Licensee appealed to this Court.[3] On October 28, 2019, the trial court ordered Licensee to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Licensee timely filed his Rule 1925(b) Statement. On December 16, 2019, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).

---

[1] "The DL-26 Form contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).

[2] The case was continued twice, the first time due to Licensee having surgery, and the second time because Licensee's counsel was unavailable.

[3] "Our review is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

Initially,

> [t]o support the suspension of a licensee's operating privilege under [Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547 (commonly known as the] Implied Consent Law[)], DOT must prove that the licensee: (1) was arrested for DUI by an officer who had reasonable grounds to believe that the licensee was operating a vehicle while under the influence of alcohol in violation of Section 3802 of the Vehicle Code[, 75 Pa.C.S. § 3802]; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his refusal might result in a license suspension . . . . Once DOT satisfies its burden of proof, the burden shifts to the licensee to prove that either: (1) his refusal was not knowing and conscious; or (2) he was physically incapable of completing the chemical test.

*Conrad v. Dep't of Transp., Bureau of Driver Licensing*, 226 A.3d 1045, 1051 (Pa. Cmwlth. 2020) (citation omitted).

> In his Rule 1925(b) Statement, Licensee set forth two issues:
>
> 1. Whether the trial court erred and abused its discretion by excluding evidence and/or testimony regarding the fact that all underlying charges were dismissed at criminal trial[.]
>
> 2. Whether the trial court erred and abused its discretion by excluding evidence and/or testimony regarding lack of *reasonable suspicion* that [Licensee] was driving under the influence of alcohol[.]

Original Record at 22 (emphasis added).[4]  However, in his "Statement of the Questions Involved," set forth in his brief to this Court, Licensee presents only one issue:

> Did [Licensee] have the right to introduce cell phone video of his interaction with the investigating officer to rebut the officer's claim that there were *reasonable grounds* to believe that [Licensee] had operated his vehicle under the

---

[4] Because the pages of the Original Record are not numbered, the page number referenced in this opinion reflects electronic pagination.

influence of alcohol, and to establish that no car keys were found on his person following his arrest?

Licensee Br. at 2 (emphasis added).

DOT argues that Licensee waived the above-quoted issue because Licensee did not raise the "reasonable grounds" issue during the trial court hearing, nor did he include the purported lack of "reasonable grounds" in his Rule 1925(b) Statement. *Id*. Although at first blush it might appear that DOT is being overly strict with semantics, a review of the record reveals otherwise. During the hearing, Licensee was clearly referencing the criminal prosecution of the DUI, rather than the civil license suspension.

Licensee's counsel (Counsel) began her cross-examination of Sergeant Grubich by asking him whether Licensee was found not guilty of the careless driving offense. *See* Reproduced Record (R.R.) at 23a. DOT's counsel objected thereto, and the trial court sustained the objection. *See id*. Counsel rejoined by stating that all charges were dismissed after the trial. *See* R.R. at 23a-24a. The following exchange occurred thereafter.

> THE [TRIAL] COURT: It doesn't matter. It's not before the [c]ourt. What's before the [c]ourt is [Licensee's] refusal of chemical testing. . . .
>
> [Counsel]: Yes, Your Honor. **The issue is without probable cause** -
>
> . . . .
>
> [Counsel]: Your Honor, if I may, **if there was no probable cause to pull [Licensee] over**, there was no underlying --
>
> THE [TRIAL] COURT: I understand that. And in the drunk driving charge you could have brought that up.
>
> . . . .
>
> [Counsel]: **He has to prove that there is probable cause**.

5

R.R. at 24a-25a (emphasis added). It appears that Counsel was confused as to what she had to prove in Licensee's civil case, and therefore did not address the proper standard during the hearing. However, in an abundance of caution, this Court will address the issue Licensee has raised herein concerning the cell phone video and car keys.

Relative to the video, after DOT's counsel rested his case, Counsel stated to the trial court: "We do have video. **I don't know if Your Honor would like to see the video**." R.R. at 39a (emphasis added). After some discussion on the record, the trial court stated: "It's clear, it's clear from his behavior that he was upset. That he thought he was being put upon by the police. It's clear." R.R. at 41a.

Immediately thereafter, the following exchange ensued:

[COUNSEL]: Well, actually, Your Honor, the video would suggest otherwise. My client was not very upset. He was not resisting.

THE [TRIAL] COURT: And all he did was refuse chemical testing, right? Right?

[COUNSEL]: Not necessarily.

THE [TRIAL] COURT: What do you mean not necessarily?

[COUNSEL]: My client will testify that --

THE [TRIAL] COURT: I'll listen to him. Please get to that point.

[COUNSEL]: Yes, Your Honor.

R.R. at 42a. Counsel then presented Licensee's testimony. Although Licensee referenced the video in his testimony, Counsel did not offer the video into evidence. Because Counsel did not offer the video into evidence, DOT did not have the opportunity to object to its introduction, nor could the trial court rule on its admissibility.

6

> Contrary to [Licensee's] assertion that the [trial c]ourt [precluded the video], the transcript of the proceeding before the trial court . . . fails to contain any [preclusion by the trial court]. Additionally, the notes of testimony fail to reveal that [Counsel] [] offered into evidence . . . as to be a part of the trial [court] record, the alleged [video].
>
> **A[n exhibit] does not become evidence in a case unless it is offered** and received into evidence in a proceeding to determine the facts of the controversy. **Since the alleged [video] was not [offered]** into the evidence at **the [hearing] herein, the trial court [could not have precluded it]**.

*David v. Commonwealth*, 598 A.2d 642, 645 (Pa. Cmwlth. 1991) (emphasis added).

Concerning Licensee's right to establish that no car keys were found on his person "following his arrest[,]" the law is well established:

> An officer has reasonable grounds to believe an individual was operating a motor vehicle under the influence of alcohol 'if a reasonable person in the position of a police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove his car while under the influence of alcohol.' *McCallum v. Commonwealth*, . . . 592 A.2d 820, 822 ([Pa. Cmwlth.] 1991). The issue of reasonable grounds is decided on a case-by-case basis, and an officer's reasonable grounds are not rendered void if it is later discovered that the officer's belief was erroneous. *Id.* The officer's belief must only be objective in light of the surrounding circumstances. Moreover, the existence of reasonable alternative conclusions that may be made from the circumstances does not necessarily render the officer's belief unreasonable. *Id.*

*Olt v. Dep't of Transp., Bureau of Driver Licensing*, 218 A.3d 1, 6 (Pa. Cmwlth. 2019) (quoting *Regula v. Dep't of Transp., Bureau of Driver Licensing*, 146 A.3d 836, 842-43 (Pa. Cmwlth. 2016)). Accordingly, whether car keys were found on Licensee's person after his arrest is irrelevant to Sergeant Grubich's belief that Licensee drove his car while under the influence of alcohol.

Based on the relevant record evidence, DOT established that Licensee: was arrested for DUI by an officer who had reasonable grounds to believe that Licensee was operating a vehicle while under the influence of alcohol in violation of Section 3802 of the Vehicle Code; was asked to submit to a chemical test; refused to do so; and was warned that his refusal might result in a license suspension. *See Conrad*. Therefore, the trial court properly denied Licensee's appeal.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barry Langan,      :
    Appellant    :
          :
   v.       :
          :
Commonwealth of Pennsylvania, :
Department of Transportation,  :  No. 1536 C.D. 2019
Bureau of Driver Licensing   :

## O R D E R

AND NOW, this 15th day of November, 2021, the Allegheny County Common Pleas Court's September 26, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge