IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mario Rivera, :
                Appellant :
 :
      v. :
 :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 1235 C.D. 2019
Bureau of Driver Licensing : Submitted: July 7, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                  FILED: August 20, 2025

       Mario Rivera (Licensee) appeals from the Philadelphia County Common Pleas Court's (trial court) May 22, 2019 order (docketed July 19, 2019) affirming the Commonwealth of Pennsylvania (Commonwealth), Department of Transportation, Bureau of Driver Licensing's (DOT) 12-month suspension of his driving privileges pursuant to Section 1547 of the Vehicle Code.[1] The sole issue before this Court is whether the trial court erred by concluding that the investigating officer had reasonable grounds to believe that Licensee was driving while under the influence of alcohol (DUI). After review, this Court affirms.

       On April 16, 2017, Officer Josue Rodriguez (Officer Rodriguez) responded to a report of an automobile accident. Officer Rodriguez observed a single vehicle in a vacant lot, where the vehicle had backed through a wooden fence and struck a metal pole. When he approached the vehicle, Officer Rodriguez found

---

[1] 75 Pa.C.S. § 1547. Section 1547(b) of the Vehicle Code is commonly known as the Implied Consent Law.

Licensee in the driver's seat with the engine running, trying to shift the vehicle from drive to reverse. The vehicle door was locked, and Officer Rodriguez knocked several times on the driver's side window until Licensee lowered it. Officer Rodriguez directed Licensee to place the vehicle in park. When Licensee did not comply, Officer Rodriguez reached into the vehicle, opened the driver's door, and placed the vehicle in park. Officer Rodriguez repeatedly asked Licensee to exit the vehicle; however, Licensee appeared not to understand his request, did not respond, and had a blank stare. When Licensee eventually exited the vehicle, Officer Rodriguez observed that he could not stand straight. Officer Rodriguez arrested Licensee for suspicion of DUI.

Licensee was transported to Hahnemann Hospital, where Officer Matthew Domenic (Officer Domenic) observed that Licensee had "red, bloodshot eyes, [a] blank stare . . . was confused, and had impaired speech." Reproduced Record (R.R.) at 20a. Officer Domenic read Licensee the DL-26 Form[2] and requested Licensee to submit to a blood test. Licensee refused the blood draw.

By May 30, 2017 letter, DOT notified Licensee that his operating privilege was suspended for one year beginning May 30, 2017, pursuant to Section 1547 of the Vehicle Code. On June 15, 2017, Licensee appealed to the trial court. The trial court held a hearing on May 22, 2019. DOT presented Officer Rodriguez and Officer Domenic, who testified regarding Licensee's arrest and refusal of the chemical test. Licensee did not testify. That same day, the trial court denied and dismissed Licensee's statutory appeal. Licensee timely appealed to this Court.[3]

---

[2] DOT promulgated the DL-26 Form, which sets forth the prescribed warning to be given to a motorist arrested for DUI pursuant to Section 1547(b) of the Vehicle Code regarding the penalties for refusing a chemical test.

[3] This Court's "review is limited to determining whether [the trial court] committed an error of law, whether [the trial court] abused its discretion, or whether the findings of fact are supported by substantial evidence." *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 n.6 (Pa. Cmwlth. 2018).

Initially, Section 1547(a) of the Vehicle Code provides:

Any person who drives, operates[,] or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating[,] or in actual physical control of the movement of a vehicle in violation of [S]ection[s] 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under [the] influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) [of the Vehicle Code]. [*See* 75 Pa.C.S. §§ 1543(b)(1.1), 3802, 3808(a)(2).]

75 Pa.C.S. § 1547(a).

This Court has explained:

To support the suspension of a licensee's operating privilege under [Section 1547 of the Vehicle Code], DOT **must prove** that the licensee: (1) was arrested for DUI by an **officer** who **had reasonable grounds to believe that the licensee was operating a vehicle while under the influence of alcohol in violation of Section 3802 of the Vehicle Code**; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his refusal might result in a license suspension . . . . Once DOT satisfies its burden of proof, the burden shifts to the licensee to prove that either: (1) his refusal was not knowing and conscious; or (2) he was physically incapable of completing the chemical test.

*Conrad v. Dep't of Transp., Bureau of Driver Licensing*, 226 A.3d 1045, 1051 (Pa. Cmwlth. 2020) (emphasis added; citation omitted).

3

Licensee contends that the trial court erred by holding that Officer Rodriguez had reasonable grounds to request a chemical test. Specifically, Licensee contends that DOT did not establish that Licensee was driving under the influence of alcohol, and Officer Rodriguez's observations about Licensee's state could be consistent with an injury from the accident.

The test for whether a police officer has reasonable grounds for believing a driver is intoxicated is well established and "not very demanding." *Dep't of Transp., Bureau of Traffic Safety v. Dreisbach*, 363 A.2d 870, 872 (Pa. Cmwlth 1976).

> [A]n officer has reasonable grounds to believe an individual was operating a motor vehicle under the influence of alcohol ["]if a reasonable person in the position of the police officer, viewing the facts and circumstances as they appeared to the officer at the time, could conclude that the driver drove his car while under the influence of alcohol.["] *McCallum v. Commonwealth*, . . . 592 A.2d 820, 822 ([Pa. Cmwlth.] 1991). The issue of reasonable grounds is decided on a case-by-case basis, and an officer's reasonable grounds are not rendered void if it is later discovered that the officer's belief was erroneous. *Id*. **The officer's belief must only be objective in light of the surrounding circumstances**. Moreover, **the existence of reasonable alternative conclusions that may be made from the circumstances does not necessarily render the officer's belief unreasonable**. *Id*.

*Olt v. Dep't of Transp., Bureau of Driver Licensing*, 218 A.3d 1, 6 (Pa. Cmwlth. 2019) (emphasis added) (quoting *Regula v. Dep't of Transp., Bureau of Driver Licensing*, 146 A.3d 836, 842-43 (Pa. Cmwlth. 2016)).

> In determining whether [DOT] has shown reasonable grounds, [this C]ourt must consider the totality of the circumstances available to the officer at the time, as reflected in the record. *Banner* [*v. Dep't of Transp., Bureau of Driver Licensing*,] 737 A.2d [1203,] 1207 (Pa.

4

1999)]. . . . In reviewing [DOT's] evidence, [this Court] bear[s] in mind that determinations as to the credibility and weight assigned to evidence are solely for the fact[-]finder. *Millili v. Dep't of Transp., Bureau of Driver Licensing*, 745 A.2d 111, 113 (Pa. Cmwlth. 2000) (en banc).

*Wilson v. Dep't of Transp., Bureau of Driver Licensing*, 209 A.3d 1143, 1154 (Pa. Cmwlth. 2019). Further, "[c]ourts appropriately defer to an investigating officer's experience and observations where reasonable grounds exist to support the officer's belief based on the totality of circumstances." *Yencha v. Dep't of Transp., Bureau of Driver Licensing*, 187 A.3d 1038, 1045 (Pa. Cmwlth. 2018).

At the hearing, Officer Rodriguez testified that he found a vehicle that had broken through a fence and backed into a metal pole. He specified that "it looked like a car wrecked right through the fence . . . and hit the pole along the fence line." R.R. at 17a. Officer Rodriguez offered that he found Licensee inside the vehicle with the door locked and the engine running, trying to shift from drive to reverse. *See* R.R. at 17a. He related that Licensee was unresponsive, as only after knocking on the driver's side window several times did Licensee lower it, and Licensee failed to comply when asked to place the vehicle in park. *See id.* Officer Rodriguez stated that, after personally placing the vehicle in park, he requested several times for Licensee to get out of the car, but Licensee "was not understanding what [Officer Rodriguez] said to him . . . . [Licensee] had a blank stare and did not say anything back to [him]." *Id.* Officer Rodriguez finally described that he suspected Licensee of DUI because "[Licensee] was not responding, could not stand straight, and he was just not in a condition to be behind the vehicle [sic]."[4] *Id.*

In *Dreisbach*, this Court held that a police officer had reasonable grounds to suspect a licensee of DUI despite not witnessing the licensee operate the

---

[4] Officer Rodriguez testified on cross-examination that he sent Licensee to the hospital because of "protocol," rather than due to any significant injury sustained by Licensee. R.R. at 18a.

vehicle. *See id*. The officer there found the licensee on the floor of a vehicle that had crashed into a house and the licensee smelled of alcohol and had slurred speech. This Court declared that "these observations, coupled with the fact of the accident, were sufficient as a matter of law to give the officer '**reasonable grounds**' to believe [the licensee] was intoxicated." *Id*. at 872 (emphasis added). Furthermore, the *Dreisbach* Court held that "a reasonable man finding a person alone in an automobile shortly after an accident involving any [sic] one vehicle, in which that vehicle ran into a house, could reasonably conclude (whether rightly or wrongly) that that person was the vehicle's driver." *Id*.

In *Farnack v. Department of Transportation, Bureau of Driver Licensing*, 29 A.3d 44 (Pa. Cmwlth. 2011), this Court ruled that the police officer had reasonable grounds to believe that the licensee was driving under the influence where the licensee exhibited red, glassy, and bloodshot eyes, had difficulty speaking, was unable to focus, and could not perform simple motor functions. Therein, the licensee testified that he hit his head during the accident, which explained his intoxicated appearance. However, this Court concluded that because the licensee did not relate his injuries to the arresting officer nor contest the officer's testimony, the circumstances the officer encountered at the time of arrest were consistent with a DUI. *See id*. Therefore, this Court was bound to review the circumstances as described by the arresting officer, which established reasonable grounds.

Here, Officer Rodriguez, like the police officer in *Dreisbach*, found Licensee in his vehicle shortly after being in a single-vehicle accident.[5] Specifically, Officer Rodriguez observed Licensee in a running vehicle that had broken through a fence and was backed into a metal pole. Officer Rodriguez found Licensee

---

[5] Officer Rodriguez testified that he patrolled the area at approximately 6:33 p.m., at which time there was no accident. *See* R.R. at 18a. Officer Domenic's "Report of Chemical Tests for Defendants Charged with 3802 V.C." indicates that he first observed Licensee at the hospital at 7:40 p.m. that same day. Original Record at 38.

6

attempting to shift the vehicle from drive to reverse, giving Officer Rodriguez reason to believe that Licensee drove the vehicle. Further, Officer Rodriguez related that he directed Licensee to place the vehicle in park, and when Licensee did not comply, Officer Rodriguez had to reach into the vehicle, open the driver's door, and place the vehicle in park. Moreover, Licensee had a blank stare, was unresponsive and confused, and could not stand straight. Based on these facts, Officer Rodriguez believed that Licensee was driving under the influence of alcohol. Under the circumstances, suspecting Licensee of DUI was certainly a reasonable conclusion. Consequently, this Court holds that, based on Officer Rodriguez's experience and observations, reasonable grounds existed for Officer Rodriguez to believe that Licensee was driving under the influence of alcohol.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mario Rivera,
            Appellant              :

           v.             :

Commonwealth of Pennsylvania,   :
Department of Transportation,    :   No. 1235 C.D. 2019
Bureau of Driver Licensing     :

O R D E R

AND NOW, this 20th day of August, 2025, the Philadelphia County Common Pleas Court's May 22, 2019 order (docketed July 19, 2019) is affirmed.

_____
ANNE E. COVEY, Judge